WRIGHT, FINLAY & ZAK, LLP
Christopher A.J. Swift, Esq.
Nevada Bar No. 11291
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
cswift@wrightlegal.net
lrobbins@wrightlegal.net
*Attorneys for Defendants, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 (incorrectly identified in Plaintiff's Complaint as "US Bank, National Association"), Western Progressive – Nevada, Inc.; and Ocwen Loan Servicing, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK,<br><br>    Plaintiff,<br><br> vs.<br><br>NEW CENTURY MORTGAGE COMPANY;<br>US BANK, NATIONAL ASSOCIATION;<br>BARKLAYS CAPITAL REAL ESTATE INC.;<br>WESTERN PROGRESSIVE – NEVADA, INC.;<br>OCWEN LOAN SERVICING, LLC; DOES I-X<br>inclusive; and ROE CORPORATIONS I-X<br>inclusive,<br><br>    Defendants. | Case No.:  2:18-cv-02241-APG-PAL<br><br>**MOTION TO STAY DISCOVERY** |

COMES NOW Defendants, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 (incorrectly identified in Plaintiff's Complaint as "US Bank, National Association") (hereinafter "U.S. Bank), WESTERN PROGRESSIVE – NEVADA, INC. (hereinafter "Western Progressive); and OCWEN LOAN SERVICING, LLC (hereinafter "Ocwen") (collectively, the "Defendants"), by and through their counsel of record, Christopher A.J. Swift, Esq. and Lindsay D. Robbins, Esq. of the law firm of Wright,

Finlay & Zak, LLP, and hereby moves pursuant to  Fed. R. Civ. P. 26(c) for a protective order staying

discovery pending a ruling on Defendant BARCLAYS CAPITAL REAL ESTATE INC. (hereinafter

"Barclays") Motion to Dismiss [ECF No. 8] and Defendants' Joinder thereto [ECF No. 9].

DATED this 15th day of February, 2019.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Lindsay D. Robbins*
Christopher A.J. Swift, Esq.
Nevada Bar No. 11731
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendants, U.S. Bank National Association,*
*as Trustee for MASTR Asset Backed Securities Trust 2006-*
*HE5 Mortgage Pass-Through Certificates, Series 2006-HE5*
*(incorrectly identified in Plaintiff's Complaint as "US Bank,*
*National Association"), Western Progressive – Nevada,*
*Inc.; and Ocwen Loan Servicing, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

This is Plaintiff Alfred Clark's (hereinafter "Plaintiff") third attempt at initiating baseless

litigation against Defendants. On September 7, 2016, Plaintiff filed his first complaint, Case No. 2:16-cv-

02113-GMN-GWF, alleging Wrongful Foreclosure, Violation of 15 U.S.C. § 1692, and Violation of

Public Law §§ 95-109, 806, 807, 808, 812, and 813 (hereinafter "First Complaint"). According to the

dismissal filed by Clark, the First Complaint was dismissed on April 18, 2017 because the Court refused

to grant Clark *in pro forma* status. Plaintiff filed his second action on April 17, 2017 and alleged the same

causes of action in Case No. 2:17-cv-01065-JAD-VCF (hereinafter "Second Complaint"). U.S. Bank

responded with a Motion to Dismiss and requested that the court stay discovery while the Motion to

Dismiss was pending. The court granted the Motion to Stay Discovery on October 4, 2017, stating that

due to the "high likelihood that the complaint will be significantly limited in scope if not eliminated when the pending motion to dismiss is decided", there was good cause to stay discovery. *See Order Granting Motion to Stay*, attached hereto as **Exhibit A**.  A few months later on March 16, 2018, the court also granted U.S. Bank's Motion to Dismiss Plaintiff's Second Complaint in its entirety finding that Plaintiff's wrongful foreclosure claim was premature and his FDCPA claim was time-barred. *See Order Granting Motion to Dismiss*, attached hereto as **Exhibit B**.

Plaintiff initiated the instant matter by filing the instant Complaint on November 21, 2018 [ECF No. 1], asserting the same claims as before: that Defendants lacks standing to foreclose, Violation of 15 U.S.C. § 1692, and Fraud (hereinafter "Third Complaint"). The 127-page pleading identifies defendants New Century Mortgage Company ("New Century"), U.S. Bank, Barclays, Western Progressive, and Ocwen, in connection with a Note and Deed of Trust. Plaintiff's Third Complaint identifies a few causes of action – some general, some specific – then engages in conclusory allegations that specify neither which Defendant(s) acted, nor which particular violations occurred. Attached to the Third Complaint are voluminous exhibits that do little to clarify his claims.

Plaintiff's main contention appears to be an allegation that the assignment of the Deed of Trust from New Century, through Barclays, to U.S. Bank was invalid due to New Century's bankruptcy proceeding filed in 2007. *See* Third Complaint, p. 9, ¶¶ 30-31. Plaintiff claims that, based on this supposed "invalid" assignment, the ongoing efforts to foreclose upon the subject property are without authority and are therefore invalid. Plaintiff extends this allegation, then, to contend that all Defendants have been acting in concert to deprive him of his rightful property. In essence, Plaintiff failed to fulfill his obligations as mortgagor and now *for the third time* seeks to pass the consequences of his failure on to the loan servicer and lender. This is nothing more than an attempt by Plaintiff to keep his home without

1
2

having to satisfy his duties under the Note and Deed of Trust. **None of Clark's claims can be maintained against the Defendants in this matter.**

3
4
5
6
7
8

On December 21, 2018, Barclays moved for dismissal on the following grounds: *First***, Clark lacks standing to challenge the Assignment, and even if he did have standing, there is no legal basis to do so.** [ECF No. 8.] *Second***, Clark's claims fail because they are either time-barred or fail to meet the pleading requirements.** *Id.* And, *finally***, Clark's claims are barred by claim preclusion.** *Id.* Defendants joined in the Motion to Dismiss filed by Barclays on December 21, 2018 [ECF No. 9.].

9
10
11
12
13
14
15
16
17
18
19
20

Plaintiff's Opposition to Barclay's Motion and Defendants' Joinder fails to refute any of the arguments contained in the Motion to Dismiss. Despite claims that Plaintiff's Third Complaint lacked specificity and clarification, Plaintiff failed to supplement his pleadings with any factual bases for his claims. Plaintiff failed to clarify any of his claims with the proper elements and/or tests, and did not specify or qualify any of his claims. Plaintiff instead used his Opposition as a platform to reiterate his Third Complaint, and even "double down" on facts that are contrary to the record in this case. Plaintiff seeks to have Defendants and this Court employ guesswork to evaluate his claims for relief, and leaves the reasoning and legal analysis to others. Because Plaintiff fails to meet his burden in bringing these claims, and because Plaintiff fails to refute the arguments raised by Defendants, Plaintiff's Third Complaint should be dismissed in its entirety, with prejudice.

21
22
23

Accordingly, because Plaintiff has failed to adequately plead his claims and his claims are baseless, a stay of discovery is justified as stated herein.

24

## II. __ARGUMENT__

25
26
27
28

District courts have broad discretion to stay discovery. The Supreme Court has recognized that discovery should not be permitted until a plaintiff has stated a viable cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical,

code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") And the Ninth Circuit has found that, when faced with a motion to dismiss, the "sounder practice [is] to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The *Rutman* court also stated that the "purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Id*.

Staying discovery in this action is appropriate given the high probability that Defendants will prevail on the Motion to Dismiss. *See Clemons v. Hayes*, No. 10-011, 2011 WL 2112006, at *4 (D. Nev. May 26, 2011) (granting motion to stay discovery where it appeared "unlikely" that the plaintiff's claim would survive a motion to dismiss); *Buckwater v. Nev. Bd. Of Med. Exam'rs*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *3 (D. Nev. Mar. 7, 2011) (finding that "it appears probable" that the defendant's motion to dismiss would be granted and therefore staying discovery). As detailed in Barclays Motion to Dismiss, Plaintiff's claims are deficient both because they fail to state a claim upon which relief can be granted and they fail under the basic pleading standard of Fed. R. Civ. P. 8. Engaging in discovery on a factually deficient complaint would unnecessarily burden the Defendants.

Prior courts have recognized this burden and the deficiencies in Plaintiff's pleadings. Indeed, Judge Ferenbach granted Defendants' request for a stay of discovery with respect to Plaintiff's Second Complaint while the Motion to Dismiss was pending. *See* **Exhibit A**. The same concerns exist in the Plaintiff's Third Complaint, which asserts the same causes of action. Accordingly, the same result is requested by Defendants - that the Court stay discovery while the Motion to Dismiss is pending.

/ / /

/ / /

### III. CONCLUSION

The Court should grant Defendants' Motion to Stay Discovery and issue a protective order staying discovery until such time as the Court has rendered a decision on the Motion to Dismiss (ECF No. 8).

DATED this 15th day of February, 2019.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Lindsay D. Robbins*
Christopher A.J. Swift, Esq.
Nevada Bar No. 11731
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendants, U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 (incorrectly identified in Plaintiff's Complaint as "US Bank, National Association"), Western Progressive – Nevada, Inc.; and Ocwen Loan Servicing, LLC*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 14th day of February, 2019, a true and correct copy of this **MOTION TO STAY DISCOVERY** was transmitted electronically through the Court's e-filing electronic system to the attorney(s) associated with this case and/or served by depositing a true copy of same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Alfred Clark
5613 Harmony Ave.
Las Vegas, NV 89107
Liteone62@yahoo.com


*/s/ Tonya Sessions*
An Employee of WRIGHT, FINLAY & ZAK, LLP


**EXHIBIT LOG**

| Exhibit A | Order Granting Motion to Stay |
|-----------|-------------------------------|
| Exhibit B | Order Granting Motion to Dismiss |