# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK, | Case No.: 2:18-cv-02241-APG-BNW |
| Plaintiff | **Order Granting Barclays' Motion to Dismiss and Denying Alfred Clark's Motions to Strike and Reconsider as Moot** |
| v. | |
| NEW CENTURY MORTGAGE COMPANY, *et al*, | [ECF Nos. 8, 17, 26] |
| Defendants | |

Pro se plaintiff Alfred Clark sues the defendants for violations of the Fair Debt Collection Practices Act (FDCPA), fraud, and to quiet title to his property. Clark previously sued these same defendants for FDCPA violations and wrongful foreclosure, but Judge Jennifer Dorsey dismissed his claims. *Clark v. New Century Mortg. Co.*, 2018 WL 1367357 (D. Nev. Mar. 16, 2018). Defendant Barclays Capital Real Estate Inc. moves to dismiss Clark's claims, arguing that Judge Dorsey's order precludes the claims, Clark lacks standing, and Clark's FDCPA claims are untimely. ECF No. 8. Defendants U.S. Bank National Association, Western Progressive – Nevada, Inc., and Ocwen Loan Servicing, LLC join the motion and Barclays' reply in support of the motion. ECF Nos. 9, 16. Clark moves to strike the joinder to the reply as untimely and for reconsideration of Magistrate Judge Leen's order staying discovery pending my decision on Barclays' motion. ECF Nos. 17, 26. Because Clark's claims arise out of the same facts alleged in his prior suit, he is precluded from relitigating them. So, I grant the motion to dismiss with prejudice and deny Clark's motions as moot.

/ / / /

/ / / /

## I. BACKGROUND

In 2006, Clark received a $204,000 loan from Clarion Mortgage Capital to purchase a property in Las Vegas. *Clark*, 2018 WL 1367357 at *1.[1] The note was secured by a deed of trust naming Clarion as the beneficiary and First American Title Company as the trustee. *Id.* Clarion assigned the deed of trust to New Century, which transferred the deed through Barclays under a limited power of attorney to U.S. Bank. *Id.* at n.4; ECF No. 1 at 16. Clark was notified in 2016 that he had been in default on his payments since 2014. *Clark*, 2018 WL 1367357 at *1. Clark then filed suit, but voluntarily dismissed his case in April 2017. *Id.* at *2 n.24. Later that year, Clark sued the defendants again for FDCPA violations and common-law wrongful foreclosure, arguing that an assignment in the chain of title was void. *Id.* at 1. Judge Dorsey dismissed the wrongful foreclosure claim without prejudice because no foreclosure on Clark's property had taken place. *Id.* at 2. Judge Dorsey dismissed the FDCPA claim with prejudice because the one-year statute of limitations for his FDCPA claim had expired. *Id.* Clark then filed this suit in November 2018, asserting FDCPA, fraud, and quiet title causes of action.

## II. DISCUSSION

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient

---

[1] Clark's complaint is unorganized and omits important background. Because I decide the motion on claim preclusion grounds, I recite background from Judge Dorsey's order dismissing Clark's prior claims relating to this property against these same defendants. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of underlying decision for purposes of assessing res judicata).

2

factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Barclays argues that Clark's claims are precluded by Judge Dorsey's order dismissing his complaint. Clark responds that Judge Dorsey dismissed his claims because they were unripe, so her order does not have preclusive effect. Clark also argues that a new notice of default recorded after Judge Dorsey's order also violates the FDCPA, so the claim arising from that violation cannot be barred by Judge Dorsey's order.

The doctrine of claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation and quotation omitted). The preclusive effect of a judgment in a federal-question case is determined by federal common law. *Id.* at 891. Clark's case before Judge Dorsey involved questions of federal law and was before the court on federal question jurisdiction, so federal common law applies here. *Clark*, 2018 WL 1367357 at *1. (claim under FDCPA). Under federal common law, claim preclusion applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002).

**A. Identity of Claims**

The identity of claims depends on: (1) "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (2) "whether substantially the same evidence is presented in the two actions"; (3) "whether the two suits involve infringement of the same right"; and (4) "whether the two suits arise out of the same

transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). "The last of these criteria is the most important." *Id.*

"The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003). "Newly articulated claims based on the same nucleus of facts may still be subject to [claim preclusion] if the claims could have been brought in the earlier action." *Id.* at 1078.

Clark alleges in both complaints that, in support of their foreclosure, the defendants improperly rely on "Corporation Assignment, document number 20090313-0004015" (the assignment of the deed of trust from New Century, through Barclays, to U.S. Bank). ECF No. 1 at 4, ECF No. 8-2 at 7. Clark's main contention in both suits is that this assignment was invalid. *See* ECF No. 1 at 4, 6, 9-11; ECF No. 8-2 at 8-10, 12-13. Clark's FDCPA, fraud, and quiet title claims all arise from this single "transactional nucleus of facts," so the claims in Clark's complaint are identical to the claims in his suit before Judge Dorsey.

Clark also alleges that a 2018 notice of default and election to sell violated the FDCPA because it constituted harassment and a false representation. ECF No. 1 at 4-5; ECF No. 14 at 13 ("filing a foreclosure action on 8/27/2018 . . . shows 'harassment and abuse' according to FDCPA Public Law 806 Sections 1, and 4, as well as 'false and misleading representation' according to FDCPA Public Law 807 Sections 5, 9, 10, and 13"). Clark argues that these allegations cannot be precluded because the violations occurred after Judge Dorsey's order. Barclays responds that this claim is also precluded because it is "is only a violation if the January 9, 2009 assignment is void, which is res judicata." ECF No. 15 at 4.

4

Even assuming these claims are not precluded, Clark fails to state a plausible claim for relief because the 2018 notice of default and election to sell was not an attempt to collect a debt under the FDCPA. *See Vien-Phuong Thi Ho v. Recontrust Co., NA*, 858 F.3d 568, 571-72 (9th Cir. 2017) ("The object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower. . . . Thus, actions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."). Clark's claims that the defendants violated the FDCPA in 2018 are not plausible, so I dismiss these claims with prejudice.

### B. Final Judgment on the Merits

"Final judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (quotation and alteration omitted). A "dismissal on statute of limitations grounds is a judgment on the merits." *Tahoe-Sierra Pres. Council*, 322 F.3d at 1081 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)).

Judge Dorsey dismissed Clark's FDCPA claims "with prejudice" because they were "barred by the statute of limitations." ECF No. 8-1 at 4. Because the order explicitly stated that dismissal was with prejudice and rested on statute of limitations grounds, Judge Dorsey's order was a final judgment on the merits.

### C. Identity or Privity Between Parties

The parties in this suit are identical to the parties in the prior litigation. ECF No. 1; ECF No. 8-2. So this element is also satisfied and Clark's claims are precluded by Judge Dorsey's order dismissing his previous complaint. I thus grant Barclays' motion and do not reach

Barclays' other arguments. I dismiss Clark's complaint with prejudice because claims arising out of the assignment from New Century to U.S. Bank are precluded by Judge Dorsey's order.

### D. Motions to Strike and Reconsider

Clark moves to strike the joinder to Barclays' reply filed by defendants U.S. Bank National Association, Western Progressive – Nevada, Inc., and Ocwen Loan Servicing, LLC. Clark also moves for reconsideration of Magistrate Judge Leen's order staying discovery. Because I dismiss Clark's complaint with prejudice, I deny Clark's motions as moot.

### E. Wrongful Foreclosure

Clark argues in his opposition that the defendants requested the court to "include a cause of action for wrongful foreclosure" and that a wrongful foreclosure claim is now ripe. ECF No. 14 at 15. Clark does not assert a wrongful foreclosure claim in his complaint, so I do not address it.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Barclays Capital Real Estate Inc.'s motion to dismiss **(ECF No. 8) is GRANTED**. The clerk of the court is directed to enter judgement in favor of all defendants and against plaintiff.

IT IS FURTHER ORDERED that plaintiff Alfred Clark's motion to strike **(ECF No. 17) is DENIED as moot**.

IT IS FURTHER ORDERED that Clark's motion to reconsider **(ECF No. 26) is DENIED as moot**.

DATED this 10th day of September, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE