# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK, | Case No.: 2:18-cv-02241-APG-BNW |
| Plaintiff | **Order Granting U.S. Bank Trustee's Motion for Attorney's Fees** |
| v. | [ECF No. 42] |
| NEW CENTURY MORTGAGE COMPANY, et al., | |
| Defendants | |

Defendant U.S. Bank, N.A. Trustee, moves for attorney's fees against pro se plaintiff Alfred Clark for the litigation costs incurred in this case. This is Clark's third lawsuit against defendants U.S. Bank, Barclays Capital Real Estate Inc., Western Progressive – Nevada, Inc., and Ocwen Loan Servicing, LLC. U.S. Bank claims that it is entitled to recover attorney's fees under Nevada Revised Statutes (NRS) § 18.010(1) because the parties' deed of trust stipulates that the lender may recover reasonable attorney's fees related to securing its interest in the property. U.S. Bank also attempts to justify its motion under NRS § 18.010(2), noting that it had recovered under the $20,000 limit, and that Clark's complaint initiated baseless litigation to harass U.S. Bank. Clark did not respond to U.S. Bank's motion for attorney's fees.

I grant U.S. Bank's motion for attorney's fees. *See* LR 54-14(d). But because there is a $79.00 discrepancy between the $16,840.30 that U.S. Bank totaled in its billing invoices and the $16,919.30 that U.S. bank requested in its motion, I award U.S. Bank $16,840.30. *See* ECF Nos. 42 at 5; 42-2.

**I.   BACKGROUND**

I detailed the facts in this case in my prior order dismissing the case. ECF No. 31 at 2. In summary, Clark sued U.S. Bank and other defendants in 2016 after being notified that he was in

default on his mortgage payments. *Id.*  Clark voluntarily dismissed his first complaint in April 2017, but he sued the defendants again later that year. *Id.*  Judge Jennifer Dorsey dismissed Clark's common law wrongful foreclosure claims without prejudice because no foreclosure had taken place. *Id.*  Judge Dorsey also dismissed Clark's Fair Debt Collection Practices Act (FDCPA) claim with prejudice because it was time-barred. *Id.*  Despite that, Clark sued the defendants again in this case for FDCPA violations, fraud, and to quiet title to his property. *Id.*  Because Clark's claims here arose from the same facts alleged in his prior suit, I concluded that he was precluded from relitigating his claims, granted the defendants' motion to dismiss with prejudice, and denied Clark's various other motions as moot. *Id.* at 1.  Clark appealed my decision, but the Ninth Circuit affirmed. *See* ECF Nos. 36; 38.  U.S. Bank now moves for attorney's fees against Clark. ECF No. 42.

**II. DISCUSSION**

    **A. Legal Standard**

Under Nevada law, "attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (quotation omitted).  U.S. Bank moves for attorney's fees under NRS §§ 18.010(1) and (2).  NRS § 18.010(1) provides that "[t]he compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law."  NRS § 18.010(2) allows for attorneys' fees if a party brings or maintains a claim "without reasonable ground or to harass the prevailing party," or if the prevailing party recovers less than $20,000.

In Nevada, "the method upon which a reasonable fee is determined" is subject to the court's discretion, which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (en banc) (quotation omitted).  The lodestar

approach, which multiplies "the number of hours reasonably spent on the case by the reasonable hourly rate," is viewed as a presumptively reasonable fee award in most cases. *Id.* at 549 n.98 (quotation omitted); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar calculation is influenced by the following factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969) (quotation omitted).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Federal Rule of Civil Procedure 54(d)(2)(B)(i) requires that a motion for fees and other related nontaxable costs be filed no later than 14 days after the entry of judgment. The motion must identify the grounds entitling the movant to a fee award and state the amount sought or provide a fair estimate. Fed. R. Civ. P 54(d)(2)(B)(ii)-(iii). The movant also must comply with Local Rule 54-14(a), which requires the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
> (3) A brief summary of:
>     (A) The results obtained and the amount involved;
>     (B) The time and labor required;
>     (C) The novelty and difficulty of the questions involved;
>     (D) The skill requisite to perform the legal service properly;
>     (E) The preclusion of other employment by the attorney due to acceptance of the case;
>     (F) The customary fee;
>     (G) Whether the fee is fixed or contingent;
>     (H) The time limitations imposed by the client or the circumstances;
>     (I) The experience, reputation, and ability of the attorney(s);

    (J) The undesirability of the case, if any;
    (K) The nature and length of the professional relationship with the client;
    (L) Awards in similar cases; and
    (M) Any other information the court may request.

The motion must be accompanied by an affidavit from the attorney overseeing the billing in the case to authenticate the information and to confirm "that the bill was reviewed and edited and that the fees and costs charged are reasonable." LR 54-14(b).

### B.  U.S. Bank is Entitled to $16,840.30 in Attorney's Fees

  U.S. Bank is entitled to recover $16,840.30 in attorney's fees under NRS § 18.010(1). The parties' deed of trust authorized U.S. Bank to recover attorney's fees from Clark. The deed of trust provides that the lender can take reasonable action to protect its interest in the property, which may include "appearing in court" and "paying reasonable attorneys' fees." ECF No. 42-1 at 8. Because the contract provides that the costs associated with litigating the lender's interest in the property may "become additional debt of [the borrower] secured" by the deed of trust, U.S. Bank is permitted to recover reasonable attorney's fees under NRS § 18.010(1). *Id.*[1]

  U.S. Bank satisfied the procedural requirements of Rule 54(d)(2). It timely moved for attorney's fees within 14 days after entry of judgment, properly cited NRS § 18.010(1) as the statutory grounds entitling it to an award, and stated the amount it sought. *See* ECF Nos. 41, 42.

  U.S. Bank's attorneys similarly met the local rule requirements and charged reasonable rates and hours under the lodestar. U.S. Bank's counsel is an established regional firm, has extensive experience litigating real estate lender liability cases, and maintains a long-standing relationship with U.S. Bank. ECF Nos. 42 at 6; 42-3. Although the motion to dismiss, motion to

---

[1] Because the deed of trust permits U.S. Bank to recover under NRS § 18.010(1), I need not address U.S. Bank's argument regarding NRS § 18.010(2) and the frivolity of Clark's lawsuit, motions, and appeal.

stay discovery, and Ninth Circuit appellate brief were not particularly complex, counsel expended a reasonable amount of time on those tasks and that precluded the firm from spending that time on matters for other clients. ECF Nos. 42 at 6-8; 42-3.  Throughout the course of litigation, Clark filed several motions to strike the defendants' briefs, and a motion to reconsider staying discovery, which also increased U.S. Bank's fees and costs. *See* ECF Nos. 17, 20, 22, 26. It was reasonable for U.S. Bank to expend approximately 70 hours of time over two years to obtain dismissal of this suit. ECF No. 42-2.  The attorneys' hourly rates, which ranged from $265 to $350 depending on the seniority of the attorney, were likewise reasonable given the customary hourly rates for this type of litigation in this region. ECF Nos. 42 at 6-8; 42-3.

U.S. Bank moved for $16,919.30 in attorney's fees, but provided invoices that totaled to $79.00 less than that amount. *Compare* ECF No. 42 at 5, *with* ECF No. 42-2.  I therefore award U.S. Bank $16,840.30 against Clark.

### III. CONCLUSION

I THEREFORE ORDER that defendant U.S. Bank's motion for attorney's fees **(ECF No. 42) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendant U.S. Bank, N.A. and against plaintiff Alfred Clark in the amount of $16,840.30 in attorney's fees.

DATED this 21st day of July, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE