UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALFRED CLARK, | Case No.: 2:18-cv-02241-APG-BNW |
| Plaintiff | **Order Denying Motion to Recuse** |
| v. | [ECF No. 67] |
| NEW CENTURY MORTGAGE COMPANY, et al., | |
| Defendants | |

Alfred Clark moves to recuse me from this case "due to a pattern of rulings that evidence bias, favoritism, and departure from established legal procedures . . . ." ECF No. 67 at 1. Recusal is generally disfavored and can rarely be based on adverse rulings, so I deny his motion.

The judge whose recusal is sought determines the legal sufficiency of a motion for recusal, so I rule on Clark's motion. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). I "begin with the general proposition that, in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quoting *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed. Cir. 1985); *United States v. Snyder,* 235 F.3d 42, 46 (1st Cir. 2000)). This proposition "is reflected in our oath, by which we have obligated ourselves to 'faithfully and impartially discharge and perform [our] duties' and to 'administer justice without respect to persons, and do equal right to the poor and to the rich.'" *Id.* (citing 28 U.S.C. § 453).

I must recuse if my impartiality might reasonably be questioned, or if I have a personal bias or prejudice for or against a party. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citations omitted). Two federal statutes address the standards for recusal: 28 U.S.C.

§ 144 and § 455. Under either statute, the substantive test for bias or prejudice is identical, but the procedural requirements differ. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Under 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Again, the judge whose recusal is sought rules on the legal sufficiency of the affidavit because "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *Azhocar*, 581 F.2d at 738 (citations omitted). The affidavit must state facts and reasons that show personal bias and prejudice and "must give support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States,* 255 U.S. 22, 33-34 (1921). The facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or prejudice. *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975).

Under § 455, "recusal is appropriate where 'a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (quoting *In re Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986)). Impartiality must be "evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994) (italics in original). "The 'reasonable person' is not someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Holland,* 519 F.3d at 913 (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). "The reasonable third-party observer is not a 'partly informed man-in-the-street,' but rather someone who 'understand[s] all

2

the relevant facts' and has examined the record and law." *Id.* at 914 (quoting *LoCascio v. United States,* 473 F.3d 493, 496 (2d Cir. 2007)).

The objective standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*. at 913 (simplified). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are ordinarily insufficient bases for recusal under § 455(a). *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citations omitted); *see also Liteky*, 510 U.S. at 555-56 ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." (italics in original)). "Disqualification under § 455(a) is necessarily fact driven and may turn on subtleties in the particular case." *Holland,* 519 F.3d at 913.

Clark seeks my recusal under both statutes based on adverse rulings. His affidavit argues that I have "repeatedly ignored key legal issues raised in" his papers, engaged in "judicial speculation, not factual adjudication," "issue[d] orders based on conjecture, not law, and to consistently favor institutional defendants without evaluating evidence presented by" Clark. ECF No. 67 at 7-8. Clearly, Clark disagrees with my decisions. But that does not demonstrate that I am biased or prejudiced against him. Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see also Cooley*, 1 F.3d at 994 (holding disqualification cannot ordinarily be based on "prior rulings in the proceeding, or another proceeding, solely because they were adverse"). My orders in this case have been decided fairly and impartially, after a thorough review of all of the relevant filings. Just because I have rejected Clark's arguments does not meant that I am biased against him. If

Clark is displeased with a ruling, his remedy is to appeal to the Ninth Circuit, which he has done. ECF No. 69.  But his disagreements are not a sufficient basis for my recusal, so I must deny his motion.

        I THEREFORE ORDER that Clark's motion to recuse **(ECF No. 67) is denied**.

        DATED this 11th day of August, 2025.

                                                            _____
                                                            ANDREW P. GORDON
                                                            CHIEF UNITED STATES DISTRICT JUDGE